R. S. HUSTED v. KATE DOUGLAS WILLIAMS, ET AL., Appellants.

Continuance to take depositions. Under Code, section 3652, a party may elect to take his evidence by deposition, and he is entitled to a reasonable time in which to do so; and after issue joined, there being no order to take the evidence during the term, nor a showing of sufficient time had such order been entered, he is entitled to a continuance.

*Appeal from Madison District Court.*— HON. JAS. D. GAM-
BLE, Judge.

TUESDAY, FEBRUARY 14, 1905.

IN an action to quiet title, commenced by published no-
tice, plaintiff secured judgment against defendants by de-
fault.    Thereafter defendants moved to set aside the de-
fault, and, being allowed to make defense, a decree was
entered for plaintiff.    Defendants appeal.— *Reversed.*

*Steele & Robbins,* for appellants.

*John A. Guiher,* for appellee.

McCLAIN, J.— The petition was filed in February,
1901, and in May of the same year a decree on default was
rendered in plaintiff's favor.    In July, 1902, defendants
filed their motion for retrial, which was amended in Sep-
tember, 1903.    On September 30, 1903, the defendants filed
their answer to the original petition, and had entered of
record their election to take testimony in the form of deposi-
tions, and thereupon moved for a continuance for that pur-
pose.    This motion was overruled, and the ruling is urged as
error.

Defendants had the right, under Code, section 3652, to
elect to take their evidence by depositions, and they were en-
titled to a reasonable time in which to do so.    As depositions
could not be taken during the pendency of the term of court
(Code, section 4688), except by order of court, a continuance
should have been granted, under Code, section 3663, for this
purpose.    Until issue was joined, defendants could not be re-
quired to prepare for the taking of depositions, and they
were therefore not negligent in not sooner procuring their
evidence, although a considerable time had elapsed after the
filing of the motion to set aside default.    Perhaps the de-

fendants might have had an order of court to take deposi-tions pending the term, but there is nothing in the record to indicate that such permission, if secured, would have enabled them to take their depositions in time for trial of the case during the term.

The action of the trial court in refusing to grant a continuance was error, and the decree in favor of plaintiff is therefore *reversed.*